JOHN S. LEONARDO
United States Attorney
District of Arizona
KAREN E. ROLLEY
ARTURO A. AGUILAR
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: karen.rolley@usdoj.gov
arturo.aguilar@usdoj.gov
Attorneys for Plaintiff

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
2014 MAY 28 P 3: 30
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JGZ (DTF)

CR14-957 TUC

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Christian Kaylynn Andry<br>a/k/a "Lola,"<br>(Counts1-3)<br><br>David Benjamin<br>a/k/a "DeJohn Smith,"<br>(Counts 1-3)<br><br>Marquise Diamante Irvin-Collins<br>a/k/a "Luche,"<br>(Counts 1, 2)<br><br>Defendants. | INDICTMENT<br><br>Violations:<br><br>18 U.S.C. § 1594 ( c ) VICTIM CASE<br>(Conspiracy to Commit Sex Trafficking)<br>Count 1<br><br>18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), (b)(2) and §2<br>(Sex Trafficking by force, fraud or coercion; Aiding and Abetting)<br>Count 2<br><br>18 U.S.C. § 2421<br>(Interstate Transportation for Prostitution)<br>Count 3<br><br>18 U.S.C. §§981(a)(1)(C), 1594, 2428 and 28 U.S.C. § 2461(c)<br>(Forfeiture) |

**THE GRAND JURY CHARGES:**

At all times material to this Indictment, all dates being approximate and inclusive:

**COUNT 1**

**(Conspiracy to Commit Sex Trafficking by Force, Fraud and Coercion)**

**Introduction**

1. Defendant CHRISTIAN KAYLYNN ANDRY (hereinafter "ANDRY"), was an individual who was a resident of California and was born in 1994.

2. Defendant MARQUISE DIAMANTE IRVIN-COLLINS a/k/a/ "Luche" (hereinafter "COLLINS"), was an individual who was a resident of Arizona and was born in 1994.

3. Defendant DAVID BENJAMIN a/k/a "Dejohn Smith" (hereinafter "BENJAMIN"), was an individual who was a resident of California and was born in 1989.

4. "I.R.," whose identity is known to the Grand Jury, was a victim of the crimes alleged herein and was born in 1994.

**The Conspiracy**

1. From a time unknown continuing up to and including April 22, 2014, in Tucson, the District of Arizona, and elsewhere, the defendants, CHRISTIAN KAYLYNN ANDRY, DAVID BENJAMIN a/k/a "DeJohn Smith," MARQUISE DIAMANTE IRVIN- COLLINS a/k/a "Luche," and others both known and unknown to the Grand Jury, in and affecting interstate commerce, did knowingly and voluntarily unlawfully combine, conspire, confederate and agree together and with each other to commit an offense against the United States, namely to violate Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2), that is, to recruit, entice, harbor, transport, provide, obtain and maintain, by any means a person, "I.R.", and to benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause a person, "I.R.," to engage in a commercial sex act, in violation of Title 18, United States Code, sections 1591(a)(1), (a)(2), and (b)(1).

**Manner and Means of the Conspiracy**

2. It was a part of the conspiracy that defendant BENJAMIN and others known and unknown to the Grand Jury recruited and enticed "I.R" to travel to California with the intent to have "I.R." engage in commercial sex acts.

3. It was further part of the conspiracy that defendants ANDRY, BENJAMIN, COLLINS and others known and unknown to the Grand Jury, used a rental automobile, public highways, motels, cellular telephones, a computer tablet, a computer laptop, and the Internet for the purpose of "I.R." engaging in commercial sex acts.

4. It was further part of the conspiracy that ANDRY, BENJAMIN, and others known and unknown to the Grand Jury, photographed "I.R." and used preexisting photographs of "I.R." as part of advertisements for commercial sex acts posted on various Internet advertising websites.

5. It was further part of the conspiracy that ANDRY, BENJAMIN, and others known and unknown to the Grand Jury, provided " I.R." with clothing, accessories, toiletries, food and shelter in order that "I.R." engage in commercial sex acts.

6. It was further part of the conspiracy that BENJAMIN, and others known and unknown to the Grand Jury used force, fraud, and coercion, as set forth in paragraphs 7 through 10 to cause "I.R." to:

a. Engage in commercial sex acts; and

b. Turn over proceeds of the commercial sex acts to ANDRY and BENJAMIN.

7. It was further a part of the conspiracy that BENJAMIN and others known and unknown to the Grand Jury fraudulently caused "I.R." to engage in commercial sex acts by promising to assist "I.R." with her education and promising to employ "I.R." in BENJAMIN'S nightclub.

8. It was further a part of the conspiracy that BENJAMIN forced "I.R." to withdraw money, from her personal checking account, which was used for payment of gas, motels and online advertisements.

9. It was further part of the conspiracy that BENJAMIN restricted "I.R.'s" movement and imposed a daily "quota" for "I.R." to earn by performing commercial sex acts.

10. It was further part of the conspiracy that "I.R." was forced to give the proceeds from commercial sex acts to ANDRY and BENJAMIN.

**Overt Acts**

11. In furtherance of the conspiracy, and to effect the objects thereof, defendants ANDRY, BENJAMIN, COLLINS and others known and unknown to the Grand Jury, committed the following overt acts in the District of Arizona and elsewhere:

a. From a time unknown continuing up to and including April 22, 2014, BENJAMIN communicated with "I.R." by social media in order to recruit "I.R." to come to California.

b. From a time unknown continuing up to and including April 22, 2014, BENJAMIN and others known and unknown to the Grand Jury intended to and did defraud "I.R." by making false promises to assist "I.R." with the completion of her high school education and by promising to employ "I.R." as a nightclub promoter in BENJAMIN'S nightclub, "Vinyl."

c. From a time unknown continuing up to and including April 22, 2014, ANDRY, BENJAMIN and others, known and unknown to the Grand Jury, transported "I.R." to motels and obtained motel rooms in or around cities in California so that "I.R." would perform commercial sex acts.

d. From a time unknown continuing up to and including April 22, 2014, ANDRY, BENJAMIN and others known and unknown to the Grand Jury used photographs of "I.R." for on-line advertisements, offering "I.R." for commercial sex acts, and posted those advertisements on websites soliciting customers for commercial sex acts.

e. From a time unknown continuing up to and including April 22, 2014, "I.R." was threatened to perform commercial acts based upon BENJAMIN'S behavior.

f. From a time unknown continuing up to and including April 22, 2014, ANDRY, BENJAMIN and others known and unknown to the Grand Jury transported "I.R." in a rental car from California to Arizona with the intent that "I.R." engage in commercial sex acts in Arizona.

g. From a time unknown continuing up to and including April 22, 2014, ANDRY, BENJAMIN and others known and unknown to the Grand Jury rented motel rooms in Phoenix area and in Tucson, Arizona, for "I.R." to engage in commercial sex acts.

h. From a time unknown continuing up to and including April 22, 2014, BENJAMIN and ANDRY paid for the posting of these advertisements on various Internet websites, with pre-paid credit cards, for the purpose of having "I.R." engage in commercial sex acts.

i. From a time unknown continuing up to and including April 22, 2014, ANDRY provided "I.R." with condoms, lubrication and sponges for purposes of having "I.R." engage in commercial sex acts.

j. From a time unknown continuing up to and including April 22, 2014, ANDRY and BENJAMIN forced "I.R." to engage in commercial sex acts during her menstruation by having "I.R." insert cosmetic sponges in order to stop her menstrual flow.

k. From a time unknown continuing up to and including April 22, 2014, ANDRY rented motel rooms, including but not limited to "Super 8" motel in Tucson, in order that "I.R." engage in commercial sex acts at such locations.

l. From a time unknown continuing up to and including April 22, 2014, COLLINS, employed by BENJAMIN, transported "I.R." in order that "I.R." engage in commercial sex acts in Phoenix and in Tucson, Arizona.

m. From a time unknown continuing up to and including April 22, 2014, COLLINS, employed by BENJAMIN, provided security for "I.R." while she was engaged in commercial sex acts in Phoenix and in Tucson, Arizona.

n. From a time unknown continuing up to and including April 22, 2014, BENAJMIN required "I.R." to turn over to ANDRY or to BENJAMIN the proceeds that "I.R." earned from commercial sex acts.

All in violation of Title 18, United States Code, Section 1594.

**COUNT 2**

**(Sex Trafficking by Force, Fraud and Coercion)**

From a time unknown continuing up to and including April 22, 2014, in the District of Arizona and elsewhere, defendants CHRISTIAN KAYLYNN ANDRY, DAVID BENJAMIN a/k/a "DeJohn Smith," and MARQUISE DIAMANTE IRVIN-COLLINS a/k/a "Luche," aiding and abetting one another and others known and unknown to the Grand Jury, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, "I.R.," and did benefit, financially and by receiving anything of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause the person, "I.R.," to engage in a commercial sex act.

All in violation of Title 18, United States Code, Section 1591(a) and Section 2.

**COUNT 3**

**(Interstate Transportation for Prostitution)**

From a time unknown continuing up to and including April 22, 2014, in the District of Arizona and elsewhere, defendants, CHRISTIAN KAYLYNN ANDRY and DAVID BENJAMIN aiding and abetting one another and others known and unknown to the Grand Jury, knowingly transported a person, "I.R.," in interstate commerce with the intent that "I.R." engage in prostitution and sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2421 and Section 2.

**FORFEITURE ALLEGATION**

Upon conviction of Counts One through Five of this Indictment, defendants CHRISTIAN KAYLYNN ANDRY, DAVID BENJAMIN a/k/a/ "DeJohn Smith," and MARQUISE DIAMANTE IRVIN-COLLINS a/k/a "Luche," shall forfeit to the United States pursuant to:

A. Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1594, 1591 and 2421; and

B. Title 18, United States Code, Sections 1594(d),

   1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of violations of Title 18, United States Code, Sections 1591 and 1594; and

   2) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of violations of Title 18, United States Code, Sections 1591 and 1594; and

C. Title 18, United States Code, Section 2428(a),

   1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of violations of Title 18, United States Code, Sections 2421; and

   2) any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of violations of Title 18, United States Code, Sections 2421.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third person; c) has been placed beyond the jurisdiction of the Court; d) has been substantially diminished in value; or e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property including, but not limited to, all property, both real and personal, owned by the defendant.

All in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 1594(d), 1594(e), 2428(a) and 2428(b), Title 28, United States Code, Section 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/S/

Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/

Assistant U.S. Attorney

MAY 28 2014

REDACTED FOR
PUBLIC DISCLOSURE